**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

WEIHANG CHEN,                              )
                                          )
              Plaintiff,                   )
        v.                                 )          No. 4:25-cv-01672-SEP
                                          )
U.S. CITIZENSHIP AND IMMIGRATION          )
SERVICES, et al.,                         )
                                          )
              Defendants.                  )

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction. Doc. [16]. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

Plaintiff Weihang Chen, a citizen of the People's Republic of China, brings this action seeking a writ of mandamus to compel the U.S. Department of Homeland Security (DHS) and U.S. Citizenship and Immigration Services (USCIS) to adjudicate her application to change her nonimmigrant status. Doc. [1] ¶ 1. Plaintiff filed a Form 1-539 on July 10, 2025, seeking to change her nonimmigrant status from a F-1 visa (STEM Optional Practical Training) to J-1 research scholar visa. *Id.* Plaintiff reports that despite the fact that she paid a $2,435 premium processing fee and the "30-business day adjudication clock mandated by 8 U.S.C. § 1571(b)," at the time of filing her Complaint, her application had been pending over 112 days. *Id.* ¶ 2. On October 28, 2025, USCIS refunded Plaintiff's premium processing fee. *Id.* ¶ 22. Plaintiff states that without J-1 approval, she faces potential accrual of unlawful presence, loss of income, and inability to support her parents," and that she has missed months of laboratory research on federally funded cancer immunotherapy protocols. *Id.* ¶¶ 26-27. Washington University submitted a letter stating that the delay of Plaintiff's application "impedes federally funded research and risks loss of grant milestones." *Id.* ¶ 29.

Plaintiff seeks a Writ of Mandamus under 28 U.S.C. § 1361; alleges unreasonable delay under the Administrative Procedures Act, 5 U.S.C. § 706(1); and alleges violation of the premium processing statute, 8 U.S.C. § 1571(b). *Id.* at 15-16. She sues USCIS, USCIS Director Joseph B. Edlow in his official capacity, and former DHS Secretary Kristi Noem in her official capacity. *Id.* ¶¶ 6-8

**LEGAL STANDARD**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). It may be raised at any time, and the Court has a duty to consider it sua sponte. *See Wilkins v. United States*, 598 U.S. 152, 157 (2023).

**DISCUSSION**

On review of Plaintiff's complaint, the Court finds that 8 U.S.C. § 1252 deprives it of subject matter jurisdiction over this matter. That statute provides, in relevant part:

[N]o court shall have jurisdiction to review—

(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

(ii) **any other decision or action** of the Attorney General or the Secretary of Homeland Security **the authority for which is specified under this** subchapter **to be in the discretion** of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added). Because Plaintiff is not asking the Court to review a judgment, subsection (i) does not bar her suit. The question before the Court is whether subsection (ii) does. The Eighth Circuit recently advised that § 1252(a)(2)(B)(ii) applies if two elements are present: "(1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151–1381) (Subchapter II)." *Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024).

In seeking adjudication of her application for an F-1 visa, Plaintiff purports to challenge a delay, so the first question is whether the alleged delay qualifies as a "decision or action" under 8 U.S.C. § 1252(a)(2)(B)(ii). The Eighth Circuit recently held that "§ 1252(a)(2)(B)(ii) bars this court's jurisdiction to review the *decision to delay* adjudicating [a] status adjustment application." *Thigulla*, 94 F.4th at 775 (emphasis added). In *Thigulla*, the "decision to delay" was announced as a change in the priority date for which the applicant's desired class of visa was

immediately available, *id.* at 775, and the Eighth Circuit did not explicitly address whether or when a "delay" qualifies as a "decision." Similarly here, Plaintiff seeks to effectively review the decision to delay adjudicating her application to adjust her nonimmigrant status. Nothing about the Court's application of § 1252(a)(2)(B)(ii) to "the decision to delay adjudicating the status adjustment application" in *Thigulla* suggests any meaningful distinction between that case and this one.[1] *Id.* at 775. Thus, following *Thigulla*, the Court finds that the delay in adjudicating Plaintiff's application qualifies as a "decision or action" for the purposes of § 1252(a)(2)(B)(ii).[2]

The second element of the § 1252(a)(2)(B)(ii) analysis—statutorily specified discretion under Subchapter II—is easily satisfied as to Plaintiff's application. *Thigulla* holds that the process of adjudicating an adjustment of status claim under § 1225(a), including setting a timeframe, is within the Attorney General's discretion. *Thigulla*, 94 F.4th at 775. Based on statutory text, the same is true of nonimmigrant visas, including adjusting one's nonimmigrant classification. *See* 8 U.S.C. § 1184(a)(1) ("The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe[.]"); *see also* 8 U.S.C. § 1258 ("The Secretary of Homeland Security may, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted

---

[1] For example, the Court did not emphasize that the delay had been announced publicly or that it applied to a category of applicants or in any other way suggest that some delays in adjudicating applications might *not* qualify as "decisions" for purposes of § 1252(a)(2)(B)(ii).

[2] *See also Soni v. Jaddou*, 103 F.4th 1271, 1273 (7th Cir. 2024), *reh'g denied*, 2024 WL 3683115 (7th Cir. Aug. 6, 2024) ("setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is an 'action'"); *see also, e.g., Haydary v. Garland*, 2024 WL 4880406, at *5 (E.D. Mo. Nov. 25, 2024) (treating inaction in response to a request as a decision); *Chalamalesetty v. Jaddou*, 2023 WL 6387976 (D. Neb. Sept. 29, 2023), *aff'd*, 2024 WL 1920254 (8th Cir. Apr. 30, 2024), *cert. denied*, 145 S. Ct. 546 (2024) ("[T]he decision to do one thing, at a particular pace, instead of another thing is . . . not "inaction" with respect to the lower-priority task."); *Mokone v. U.S. Citizenship & Immigr. Servs.*, 2026 WL 850521, at *4 (E.D. Mo. Mar. 27, 2026) ("decisions involving the pace of the Secretary's investigation and subsequent adjudication—in light of the investigation—are among the decisions 'of whatever kind,' for which Congress enacted a 'broad prohibition of judicial review in § 1252(a)(2)(B)(ii),'" (internal citation omitted); *Joshi v. Garland*, 728 F. Supp. 3d 1028 (D. Neb. 2024) ("plaintiffs suggest . . . that discretion doesn't include the discretion not to act. . . . But that argument is precluded by the Eighth Circuit's decision in *Thigulla*, which applied § 1252(a)(2)(B)(ii) to discretionary decisions about the decisionmaking process, not just the result.") (citation omitted); *cf. Solorio v. Miller*, 700 F. Supp. 3d 735, 748 (D. Neb. 2023) ("§ 1182(a)(9)(B)(v) expressly strips the Court of jurisdiction to review how USCIS is prioritizing its work—whether to do one thing at a particular pace instead of another thing or its choice to consider applications in the order submitted—as that is an 'action . . . .'").

to the United States as a nonimmigrant who is continuing to maintain that status and who is not inadmissible[.]").  The use of the term "may" implies discretion, as does the statutory context. *See Thigulla*, 94 F.4th at 775 (noting the use of "may" and the Executive's broad discretion in the context of immigration); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021) (noting the use of "may" and that "[a] principal theme of immigration law is protecting Executive discretion").  Because Plaintiff challenges a discretionary agency action that is removed from the Court's jurisdiction by 8 U.S.C. § 1252(a)(2)(B), this case must be dismissed.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [3], is **GRANTED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of July, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims, it does not reach Defendants' argument that the case is moot under the "Steps Taken" doctrine.  *See* Doc. [4] at 6-8.

4